UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH TAYLOR,
                Petitioner,

     v.

MICHAEL MARTEL,
                Respondent.

Case No. 18-cv-07619-RS (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The operative petition states cognizable claims. Respondent shall file a response to that petition on or before **January 20, 2020**, unless an extension is granted.

**It appears petitioner has not exhausted his claims. Respondent is directed to consider whether the claims have been exhausted. If they have not, respondent may wish to file a motion to dismiss on nonexhaustion grounds.**

## BACKGROUND

In 2015, a San Francisco County Superior Court jury convicted petitioner of assault with intent to commit forcible sodomy or forcible oral copulation, felony false

imprisonment, misdemeanor false imprisonment, and misdemeanor sexual battery. A sentence of 18 years was imposed. Petitioner filed an appeal in the state appellate court, which was denied. It is unclear whether he ever presented his claims to the state supreme court.

**DISCUSSION**

## I.      Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## II.      Claims

The Court reinstates the second amended petition (Dkt. No. 12) as the operative petition.[1] In that filing, petitioner has made it clear he wishes to proceed only on the claims he raised on direct appeal. Therefore, as grounds for federal habeas relief, petitioner alleges (i) there was insufficient evidence to support his conviction under Cal. Penal Code § 220; and (ii) the trial court violated his constitutional rights by failing to declare a mistrial after the jury heard prejudicial testimony, and then by giving flawed jury instructions. When liberally construed, these claims are cognizable on federal habeas review.

---

[1] The order dismissing the second amended petition with leave to amend (Dkt. No. 14) is VACATED.

The second amended petition does not contain a copy of petitioner's state appellate brief, though petitioner provided such a copy in other filings. For the convenience of the parties, the Court attaches to the present order a copy of that brief.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **January 20, 2020**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **January 20, 2020**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the

Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Because this order addresses the concerns raised in petitioner's motion for an extension of time (Dkt. No. 15), that motion is DENIED as moot.

**IT IS SO ORDERED.**

**Dated:** October 17 , 2019

_____
RICHARD SEEBORG
United States District Judge